UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00332-KJD-NJK |
|---|---|
| Plaintiff, | 2:18-cv-02296-KJD |
| v. | ORDER |
| DAMIR VUCIC, | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#75). Also, before the Court is Defendant's Protective Supplemental § 2255 Motion (#79) and Motion for Leave to File First Amended Motion to Vacate under § 2255 (#82). Having read and considered the motion for leave to file first amended petition, the Court finds good cause and grants the motion. The amended petition withdraws Defendant's ineffective assistance of counsel claim, ending the presumptive conflict Defendant created with the Public Defender's Office. Therefore, the Court finds that Defendant's motions (#75/78) are moot.

Finally, before the Court is Defendant's Motion for Compassionate Release under the First Step Act (#83). The Government filed a response in opposition (#87) to which Defendant replied (#88).

I. Background

In September 2015, Defendant Damir Vucic entered the M Resort and Hotel holding a firearm. As he approached the cashier's station, he pointed the handgun at a customer in line, and pushed them away. Vucic turned to the cashier and demanded money. He yelled for the cashier to give him "all of it." After the cashier filled the bag with $38,904.90, Vucic fled. As he ran, he pointed the handgun at a witness. He fled in a Ford Mustang. Law enforcement determined that

the Ford Mustang was potentially involved in a "smash and grab" burglary several weeks prior to Vucic's robbery. Further, Vucic was suspected of robbing a Sam's Club of jewelry two weeks prior to the instant case.

Later, law enforcement executed a search warrant at Vucic's residence. In it, they found numerous firearms and more than $3,000 in cash. Sy Senor, Vucic's fiancée, told law enforcement that she helped Vucic take the rest of the money to her ex-husband's residence. Once at the ex-husband's residence, they found $21,860 in cash and $131,340.88 worth of jewelry. Vucic had already fled to Buffalo, New York where he was later arrested on a warrant.

A Grand Jury charged Vucic by indictment on November 24, 2015 for violations of 18 U.S.C. §§ 1951 and 924(c)(1)(A). On May 4, 2017, after the filing of a Superseding Information, he pled guilty to violations of 18 U.S.C. §§ 1951 and 924(c)(1)(A). The Court sentenced Vucic on December 13, 2017 to consecutive terms of twenty-seven (27) and sixty (60) months to be followed by three (3) years of supervised release.

Vucic is currently serving his custodial sentence at FCI Lompoc with an anticipated release date of December 4, 2021. While in custody, Vucic contracted COVID-19 on or about May 7, 2020. By the end of June, he twice tested negative for COVID-19. Since contracting COVID-19, he has been diagnosed with migraine headaches and tachycardia.

II. Section 2255 Analysis

A. Hobbs Act Robbery is a Crime of Violence

Defendant has amended his § 2255 motion to press the argument that his conviction under § 924(c)(a)(A) must be vacated because his contemporaneous conviction for Hobbs Act robbery does not qualify as a crime of violence. Not only has this Court previously rejected that argument, see, e.g., United States v. Nguyen, 2:03-cr-00158-KJD, Doc. No. 260, March 31, 2020 (Ninth Circuit denying certificate of appealability at Doc. No. 271), the Ninth Circuit Court of Appeals has held that Hobbs Act robbery qualifies as a crime of violence under the elements clause. See United States v. Dominguez, 954 F.3d 1251, 1260 (9th Cir. 2020) (specifically rejecting Vucic's argument that Hobbs Act robbery is not a crime of violence because it can be committed by placing the victim in fear of injury to intangible economic interests: "[defendant]

fails to point to any realistic scenario in which a robber could commit Hobbs Act robbery by placing his victim in fear of injury to an intangible economic interest") (citing Gonzalez v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)). Therefore, the Court denies Defendant's § 2255 motion.

### B. Certificate of Appealability

To appeal this order, Vucic must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). Given that the Ninth Circuit has directly considered and rejected the precise argument raised by Defendant and denied other petitioners a certificate of appealability, the Court cannot find that other reasonable jurists would find it debatable that the Court's determination that Hobbs Act robbery is not a crime of violence pursuant to the elements clause of § 924(c) is wrong. Accordingly, the court denies Defendant a certificate of appealability.

### III. Compassionate Relief

### A. Standard

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> ...
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. See Fed. R. Crim. P. 43(b)(4).

### B. Analysis

Vucic seeks release pursuant to § 3582(c)(1)(A) due to the COVID-19 epidemic and his underlying health conditions, which he argues put him at greater risk of contracting and suffering severe complications of COVID-19. The government opposes, arguing that Vucic has not established extraordinary and compelling reasons for his release, that Vucic remains a danger to the community, and the § 3553(a) factors do not favor early release.

#### 1. Exhaustion

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Vucic is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. Vucic submitted a request for compassionate release to the warden June 24, 2020. More than thirty days have elapsed from the date Vucic's request was submitted, so the motion is exhausted.

### 2. Extraordinary and Compelling Reasons

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. app. n.(1)(D).

Vucic is 40 years old and complains of headaches, memory problems, fatigue, tachycardia, atrial arrythmia, anemia and other symptoms. These appear to be all post-COVID symptoms, health complaints that appeared after a six-week bout with COVID-19. He has no reported pre-COVID risk factors. He is presently incarcerated at FCI Lompoc. Vucic argues that his medical conditions increase his risk of severe COVID-19 complications were he to become re-infected at Lompoc which had both a severe outbreak of COVID and alleged inability on the part of prison officials to prevent the spread of the virus.

The government argues that the spread of COVID-19 at Lompoc has now been limited and, at the time this order was drafted the BOP reports zero (0) inmate infections and zero (0) staff infections.[2] See Bureau of Prisons (BOP), COVID-19 Cases (updated daily) (last accessed November 13, 2020). The government further disputes that Vucic's underlying health conditions put him at greater risk of contracting or suffering complications from COVID-19. It asserts that Vucic's migraine headaches are being treated, that the alleged anemia was tracked, tested and Vucic was cleared. Further, Vucic was given further treatment for the atrial arrythmia

---

[2] bop.gov/coronavirus/

and it cleared.

While some of Vucic's conditions, primarily the tachycardia could potentially increase his risk of a negative COVID-19 outcome, Vucic is not a member of the highest risk age group and COVID-19 is not widespread at his institution. These low numbers suggest that the measures taken by BOP to combat coronavirus spread are working at last at Lompoc. Even more importantly, it seems that the risk of re-infection is low. The most recent science concludes that neutralizing antibodies are stably produced for at least 5-7 months after SARS-CoV-2[3] infection. See Tyler J. Ripperger et al., Orthogonal SARS-CoV-2 Serological Assays Enable Surveillance of Low-Prevalence Communities and Reveal Durable Humoral Immunity, Immunity (2020), https://www.cell.com/immunity/fulltext/S1074-7613(20)30445-3. Thus, Defendant's risk is greatly diminished by his natural antibodies. Of nearly thirty million cases worldwide to date, there exist only about 10 documented and confirmed cases of re-infection. Id. at 10. Under these circumstances, the court does not find extraordinary and compelling reasons for early release.

### 3. 18 U.S.C. § 3553(a) Factors

Further, the court may grant compassionate release only if the defendant is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g), United States v. Johnson, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."), and the relevant 18 U.S.C. § 3553(a) factors favor release. And in this case, the § 3553(a) factors do not support early release.

Vucic committed dangerous and violent robberies. He pointed his weapon at innocent bystanders. His fiancée, though supportive now, told the police that she did not tell them about his crimes because she was afraid of him. The fact that his release plan would put him back in her home is problematic. The nature and circumstances of Vucic's offense were thus very serious. Further, Vucic has served about two-thirds of his sentence, which the court believes in not sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public

---

[3] SARS-CoV-2 is the causative agent of coronavirus disease 2019 (COVID-19). Ripperger, *supra* *1.

from further crimes of the defendant, and avoid unwarranted sentencing disparities. The court is not persuaded that Vucic's rehabilitative efforts while incarcerated, his acceptance of responsibility, and his regret that he committed a crime, outweigh the significant facts of his offense and his criminal history. The § 3553(a) factors support Vucic serving the sentence that was originally imposed, without early release.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Leave to File First Amended Motion to Vacate under § 2255 (#82) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's Sealed Ex Parte Motion to Withdraw As Attorney and Appoint New Counsel (#78) is **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#75) is **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant's Protective Supplemental §2255 Motion (#79) and First Amended Motion to Vacate under § 2255 are **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for Compassionate Release (#83) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:18-cv-2296-KJD, and close that case;

IT IS FINALLY ORDERED that Defendant is **DENIED** a Certificate of Appealability.

Dated this 16TH day of November 2020.

Kent J. Dawson
United States District Judge